Justin L. Carley, Esq.
Nevada Bar No. 9994
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Ste. 1100
Las Vegas, NV 89169
Tel: 702-784-5200
Fax: 702-784-5252
jcarley@swlaw.com

David M. Lilenfeld, Esq.
Georgia Bar No. 452399
(*Admitted pro hac vice*)
Lilenfeld, P.C.
Buckhead Centre
2970 Peachtree Road, N.W., Suite 530
Atlanta, GA 30305
Tel: 404-201-2520
Fax: 404-393-9710
david@lilenfeldpc.com

*Attorneys for Defendants Sterling Currency Group, LLC, Tyson Rhame, Frank Bell and Tracy Bell, and Matthew Adams*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DINAR CORP, INC., a Nevada corporation and HUSAM TAYEH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING CURRENCY GROUP, LLC, dba DINAR BANKER; TYSON RHAME and JANE DOE RHAME, husband and wife; FRANK BELL and JANE DOE BELL, husband and wife; JORDAN DOE and JANE DOE, husband and wife; MATTHEW ADAMS and JANE DOE ADAMS, husband and wife; MARK DILEO and JANE DOE DILEO, husband and wife; TAMER DENIZ and JANE DOE DENIZ, husband and wife; DOE DEFENDANTS I-X, INCLUSIVE; and ROE DEFENDANTS I-X, INCLUSIVE.<br><br>Defendants. | Case No.: 2:13-cv-02106-APG-PAL<br><br>**STIPULATED PROTECTIVE ORDER** |

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.  DEFINITIONS

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Protected Material: information and/or tangible things designated as "CONFIDENTIAL" pursuant to the terms set forth herein (regardless of how it is generated, stored or maintained) that qualify for protection under Federal Rules of Civil Procedure, which may include, but may not be limited to, all non-public information or matter related to: financial or business plans or projections; acquisition offers or expressions of interest; proposed strategic transactions or other business combinations; compensation plans; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data or lists; confidential financial data or results; tax data; confidential information regarding assets and liabilities; valuation analyses; competitive analyses; confidential personnel information; personal financial information; personal information subject to protection under Nevada law; or other commercially or personally sensitive or proprietary information. Notwithstanding the foregoing, Confidential Information and/or Protected Material shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this action, a matter of public record or publicly available by law or otherwise.

1      2.3    <u>Counsel</u>: Outside Counsel of Record (as well as their support staff).

2      2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action (including computer forensic specialists, computer experts, and discovery service providers), (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

    2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Notwithstanding the foregoing, Highly Confidential Information shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this action, a matter of public record or publicly available by law or otherwise.

    2.8    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.9    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

    2.10    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

- 3 -

1  2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

  2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.13 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

1  including the time limits for filing any motions or applications for extension of time pursuant to
2  applicable law.

3        5.    DESIGNATING PROTECTED MATERIAL

4        5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party
5  or Non-Party that designates information or items for protection under this Order must take care
6  to limit any such designation to specific material that qualifies under the appropriate standards.
7  To the extent it is practical to do so, the Designating Party must designate for protection only
8  those parts of material, documents, items, or oral or written communications that qualify – so that
9  other portions of the material, documents, items, or communications for which protection is not
10 warranted are not swept unjustifiably within the ambit of this Order.

11       Mass, indiscriminate, or routinized designations are prohibited. Designations that are
12 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
13 unnecessarily encumber or retard the case development process or to impose unnecessary
14 expenses and burdens on other parties) expose the Designating Party to sanctions.

15       If it comes to a Designating Party's attention that information or items that it designated
16 for protection do not qualify for protection at all or do not qualify for the level of protection
17 initially asserted, that Designating Party must promptly notify all other parties that it is
18 withdrawing the mistaken designation.

19       5.2   Manner and Timing of Designations. Except as otherwise provided in this Order
20 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
21 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
22 designated before the material is disclosed or produced.

23       Designation in conformity with this Order requires:

24       (a) for information in documentary form (e.g., paper or electronic documents, but
25 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
26 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
27 EYES ONLY" to each page that contains protected material or, in the alternative, the Producing
28 Party may attach a cover page to material produced, provided that (1) the cover page

1  conspicuously contains the appropriate legend at the top of the cover page; and (2) the cover page
2  contains a matrix or table, which (i) provides a detailed description of the Protected Material, and
3  (ii) the exact location of the Protected Material, including page and line number and/or other
4  detailed description that would enable the Receiving Party to be able to quickly locate and
5  identify the Protected Material. If only a portion or portions of the material on a page qualifies for
6  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making
7  appropriate markings in the margins) and must specify, for each portion, the level of protection
8  being asserted.

9        A Party or Non-Party that makes original documents or materials available for inspection
10 need not designate them for protection until after the inspecting Party has indicated which
11 material it would like copied and produced. During the inspection and before the designation, all
12 of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
13 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
14 copied and produced, the Producing Party must determine which documents, or portions thereof,
15 qualify for protection under this Order. Then, before producing the specified documents, the
16 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
17 CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected
18 Material or, in the alternative, the Producing Party may attach a cover page to material produced,
19 provided that (1) the cover page conspicuously contains the appropriate legend at the top of the
20 cover page; and (2) the cover page contains a matrix or table, which (i) provides a detailed
21 description of the Protected Material, and (ii) the exact location of the Protected Material,
22 including page and line number and/or other detailed description that would enable the Receiving
23 Party to be able to quickly locate and identify the Protected Material. If only a portion or portions
24 of the material on a page qualifies for protection, the Producing Party also must clearly identify
25 the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,
26 for each portion, the level of protection being asserted.

27
28

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall attach a cover page to material produced, provided that (1) the cover page conspicuously contains the appropriate legend at the top of the cover page; and (2) the cover page contains a matrix or table, which (i) provides a detailed description of the Protected Material, and (ii) the exact location of the Protected Material, including page and line number and/or other detailed description that would enable the Receiving Party to be able to quickly locate and identify the Protected Material.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality (in compliance with Civil Local Rule 10-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the

- 9 -

1  material in question the level of protection to which it is entitled under the Producing Party's
2  designation until the court rules on the challenge.

3        7.      ACCESS TO AND USE OF PROTECTED MATERIAL

4        7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or
5  produced by another Party or by a Non-Party in connection with this case only for prosecuting,
6  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
7  the categories of persons and under the conditions described in this Order. When the litigation has
8  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL
9  DISPOSITION).

10  Protected Material must be stored and maintained by a Receiving Party at a location and
11  in a secure manner that ensures that access is limited to the persons authorized under this Order.

12        7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered
13  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any
14  information or item designated "CONFIDENTIAL" only to:

15      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees
16  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information
17  for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that
18  is attached hereto as Exhibit A;

19      (b) the officers, directors, and employees of the Receiving Party to whom disclosure is
20  reasonably necessary for this litigation and who have signed the "Acknowledgment and
21  Agreement to Be Bound" (Exhibit A);

22      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is
23  reasonably necessary for this litigation and who have signed the "Acknowledgment and
24  Agreement to Be Bound" (Exhibit A);

25      (d) the court and its personnel;

26      (e) court reporters and their staff, professional jury or trial consultants, and Professional
27  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the
28  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

    (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity associated with a Receiving Party from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, *other than in connection with this litigation*, at any time during the preceding five years.[1]

    (b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

    (c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Designating Party shall file and serve a motion to retain confidentiality (in compliance with Civil Local Rule 10-5, if applicable) within 21 days of the objection or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the objection. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the objection was made, assess

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

- 12 -

1  the risk of harm that the disclosure would entail, and suggest any additional means that could be
2  used to reduce that risk. In addition, any such motion must be accompanied by a competent
3  declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and
4  the content of the meet and confer discussions) and setting forth the reasons advanced by the
5  Receiving Party for its refusal to approve the solutions proposed by the Designating Party.

6  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden
7  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
8  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

9  8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
10  OTHER LITIGATION</u>

11  If a Party is served with a subpoena or a court order issued in other litigation that compels
12  disclosure of any information or items designated in this action as "CONFIDENTIAL" or
13  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

14  (a) promptly notify in writing the Designating Party. Such notification shall include a
15  copy of the subpoena or court order;

16  (b) promptly notify in writing the party who caused the subpoena or order to issue in the
17  other litigation that some or all of the material covered by the subpoena or order is subject to this
18  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

19  (c) cooperate with respect to all reasonable procedures sought to be pursued by the
20  Designating Party whose Protected Material may be affected.

21  If the Designating Party timely seeks a protective order, the Party served with the
22  subpoena or court order shall not produce any information designated in this action as
23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a
24  determination by the court from which the subpoena or order issued, unless the Party has obtained
25  the Designating Party's permission. The Designating Party shall bear the burden and expense of
26  seeking protection in that court of its confidential material – and nothing in these provisions
27  should be construed as authorizing or encouraging a Receiving Party in this action to disobey a
28  lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information if the material is clearly subject to privilege and the receiving party does not otherwise disagree.  However, if the receiving party disagrees as to whether the material inadvertently produced is privileged, the disclosing party shall seek appropriate relief from the Court, and, in the interim, the material shall be sequestered by the receiving party's Outside Counsel of Record and treated as Highly Confidential.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

### 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

1  Party waives any right to object on any ground to use in evidence of any of the material covered
2  by this Protective Order.

3        12.4   <u>Filing Protected Material</u>. In the event that any "CONFIDENTIAL," or "HIGHLY
4  CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" is included with, or the
5  contents thereof are in any way disclosed in any pleading, motion, disposition, transcript or other
6  paper filed with the Clerk of this Court, such information shall be filed with the Clerk of the
7  Court, without need of a motion, in sealed envelopes or containers marked with the caption of the
8  case, a general description of the contents of the envelope or container and a legend substantially
9  in the following form:

10  'UNDER SEAL – SUBJECT TO PROTECTIVE ORDER – CONTAINS
11  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
12  INFORMATION" – TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

13  Notwithstanding the foregoing "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –
14  ATTORNEYS' EYES ONLY" INFORMATION documents or testimony introduced into
15  evidence at trial shall not be sealed or otherwise treated as confidential by the Court except
16  pursuant to a further order of the Court at the request of either party during pretrial proceedings or
17  trial.

18        13.   <u>FINAL DISPOSITION</u>

19  Within 60 days after the final disposition of this action, as defined in paragraph 4, each
20  Receiving Party must return all Protected Material to the Producing Party or destroy such
21  material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,
22  compilations, summaries, and any other format reproducing or capturing any of the Protected
23  Material. Whether the Protected Material is returned or destroyed, the Receiving Party must
24  submit a written certification to the Producing Party (and, if not the same person or entity, to the
25  Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all
26  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has
27  not retained any copies, abstracts, compilations, summaries or any other format reproducing or
28  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 4, 2014    SNELL & WILMER L.L.P.

By: /s/ *Justin L. Carley*
  Justin L. Carley, Esq.
  Nevada State Bar # 9994
  3883 Howard Hughes Parkway, Suite 1100
  Las Vegas, Nevada 89169

  David M. Lilenfeld, Esq.
  Georgia State Bar # 452399
  *(Admitted Pro Hac Vice)*
  LILENFELD, P.C.
  Buckhead Centre
  2970 Peachtree Road, N.W., Suite 530
  Atlanta, GA 30305

Attorneys for Defendants
STERLING CURRENCY GROUP, LLC, TYSON RHAME, FRANK BELL and TRACY BELL, and MATTHEW ADAMS

DATED: April 4, 2014    DRUMMOND & NELSON

By: /s/ *Craig W. Drummond*
  Craig W. Drummond, Esq.
  Nevada State Bar # 11109
  228 S. Fourth Street, First Floor
  Las Vegas, Nevada 89101

Attorneys for Defendant
TAMER DENIZ

DATED: April 4, 2014              CANDELARIA LAW GROUP

                                  By: /s/ *Amber Candelaria*
                                      Amber Candelaria, Esq.
                                      Nevada State Bar # 9992
                                      8275 S. Eastern Avenue, Suite 200-429
                                      Las Vegas, Nevada 89123

                                      Daniel R. Warner, Esq.
                                      Arizona State Bar # 026503
                                      *(Admitted Pro Hac Vice)*
                                      KELLY / WARNER, PLLC
                                      8283 N. Hayden Road, Suite 229
                                      Scottsdale, AZ 85258

                                      Attorneys for Plaintiffs
                                      DINAR CORP, INC. and HUSAM TAYEH

**IT IS SO ORDERED.**

DATED: April 15, 2014             By: _____
                                      Magistrate Judge of the
                                      United States District Court

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____